JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RICHARD RUDOLPH

## DEFENDANTS

ABBOTT LABORATORIES, INC.

**(b)** County of Residence of First Listed Plaintiff     Nassau County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Mercer
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Console, Esq.
Console Mattiacci Law, LLC
110 Marter Ave., Suite 502, Moorestown, NJ 08057 (856.854.4000)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"), N.J.S.A. 10:5-1, et seq. ("NJLAD")
Brief description of cause:
Plaintiff brings this action against Defendant for unlawful discrimination in connection with his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $In excess of $75,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   4/11/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____       :
                                         :
**RICHARD RUDOLPH**                      :
**Fernandina Beach, FL 32034**           :
                                         :
                      **Plaintiff,**     :
                                         :       **CIVIL ACTION NO.**
             **v.**                      :
                                         :
**ABBOTT LABORATORIES, INC.**            :
**400 College Road East**                :
**Princeton, NJ 08540**                  :
                                         :       **JURY TRIAL DEMANDED**
                    **Defendant.**       :
_____       :

## COMPLAINT

### I.    PRELIMINARY STATEMENT

Plaintiff, Richard Rudolph, brings this employment discrimination action against his former employer, Abbott Laboratories, Inc. ("Abbott" or "Defendant"). A long-time employee of Defendant who consistently received strong performance reviews, Plaintiff was terminated in April 2017 at the age of fifty-five (55) after being placed on a sham Action Plan despite achieving significant sales goals and leading a sales team through substantial revenue growth. After terminating Plaintiff's employment, Plaintiff's supervisor announced that Plaintiff had "finally retired," which is inaccurate and an age-based comment.

Plaintiff was discriminated against because of his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). Plaintiff seeks damages, including economic, compensatory, liquidated, and punitive damages and all other relief this Court deems appropriate.

## II.   <u>PARTIES</u>

1.      Plaintiff, Richard Rudolph, is an individual and a citizen of the State of Florida.

2.      Plaintiff was born in 1961 and was fifty-five (55) years old at the time of his termination in April 2017.

3.      Defendant Abbott is an Illinois corporation with a principal place of business at 400 College Road East, Princeton, NJ 08540.

4.      Defendant Abbott is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

5.      At all times material hereto, Defendant Abbott employed more than twenty (20) employees.

6.      At all times material hereto, Defendant Abbott acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant Abbott and in furtherance of Defendant Abbott's business.

7.      At all times material hereto, Defendant Abbott acted as an employer within the meanings of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee of Defendant Abbott within the meanings of the statutes which form the basis of this matter.

## III.   <u>JURISDICTION AND VENUE</u>

9.      The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant

to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

13.     On or about June 29, 2017, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination alleged herein.   Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

14.     On or about January 12, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of the EEOC notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    <u>FACTUAL ALLEGATIONS</u>

16.     Plaintiff was first hired by Defendant's predecessor company, MediSense, in or around 1989.  MediSense was acquired by Defendant in or around 1995.

17.     Plaintiff left Defendant in 2003 and was recruited to re-join Defendant in its Point-of-Care division – headquartered in Princeton, NJ - in 2009 as Marketing Manager.

18.     In total, Plaintiff served Defendant and Defendant's predecessor for over twenty (20) years before his termination in April 2017.

19.     At the time of his termination, Plaintiff was fifty-five (55) years old and held the position of Director of Sales, US Channel Team.  Plaintiff held this position since May 2010.

20.     At the time of his termination, Plaintiff reported to Jeffrey Devlin (49[1]), Divisional Vice President ("VP"), US Commercial Operations and Marketing.

21.     Upon information and belief, Plaintiff was the oldest employee reporting directly to Devlin.

---

[1] Ages contained herein are approximates.

22.     Devlin reported to Sharon Bracken (45), VP, Point of Care Diagnostics (Division President), who reported to Brian Blaser (52), Executive VP, Diagnostics Products (Abbott Diagnostics Group President).

23.     Plaintiff managed Defendant's Channel Sales team of approximately thirty (30) employees, and was responsible for increasing sales of Defendant's Point-of-Care medical product line.

24.     Throughout his employment with Defendant, Plaintiff consistently demonstrated positive performance and dedication to Defendant.

25.     By way of example, Plaintiff increased Defendant's sales from less than $30 million to over $91 million between 2010 and 2016.

26.     Further, Plaintiff earned six (6) President's Club awards at Defendant, in 1996, 1997, 2010, 2012, 2013, and 2015.  Plaintiff also earned, in 2000, the Wallace C. Abbott Marketer of the Year Award.

27.     In or about May 2015, Plaintiff began reporting to Devlin.

28.     Prior to reporting to Devlin, Plaintiff consistently received strong performance reviews.

29.     On or about January 3, 2017, for the first time during his tenure with Defendant, Plaintiff received a Partially Achieved Expectations rating in his 2016 review.

30.     Devlin gave Plaintiff this rating even though Plaintiff had achieved 95.6% of his 2016 goal.

31.     Plaintiff's 2016 performance rating decreased his total 2017 compensation package, including his merit increase, profit sharing, and restricted stock unit offering.

32.     Younger employees reporting to Devlin missed their 2016 financial goals by a

higher percentage than Plaintiff but received a better performance rating from Devlin.

33.     On or about January 19, 2017, Defendant placed Plaintiff on an 90-day Action Plan. The Action Plan stated that Plaintiff was "not meeting performance expectations required of [him] in [his] role."

34.     Plaintiff was Devlin's only direct report who was placed on an Action Plan at that time even though no other direct report to Devlin achieved their sales plan number.

35.     As part of his Action Plan, Plaintiff was directed to place two (2) of his direct reports on Action Plans: (1) Ron Gonzalez (53), Regional Sales Manager (Central); and (2) Andy Bietlitz (57), Regional Sales Manager (West).

36.     Both of these employees and direct reports of Plaintiff were over the age of fifty (50).

37.     Plaintiff was not directed to place his other two (2) direct reports on an Action Plan: (1) Joe Linn (42), National Account and Government Manager; and (2) Francisco Merrill (38), Regional Sales Manager (East).

38.     Plaintiff's two (2) direct reports who were not placed on an Action Plan were substantially younger than Plaintiff and Plaintiff's direct reports who were ordered by Defendant to be placed on Action Plans.

39.     Plaintiff's Action Plan required him to attain all key sales metrics for each sales region and each month within the 90-day Action Plan period. This goal was not realistic or feasible.

40.     On or about March 23, 2017, Devlin emailed Plaintiff a mid-point review of his Action Plan progress. Devlin criticized Plaintiff's performance and focused on his alleged failures. The review was not a fair representation of Plaintiff's performance, and Plaintiff

submitted a written response to the review regarding its inaccurate content and unjust criticisms.

41.     On or about April 20, 2017, Devlin asked Plaintiff to call him on his conference call line for their scheduled one-on-one meeting on April 21, 2017.

42.     When Plaintiff called Devlin on April 21, 2017, Devlin and Lisa Siko (42), Human Resources representative, were both on the call.  Devlin stated that this was the 90-day mark of the Action Plan, and that Plaintiff had not been making sufficient progress on the Action Plan.

43.     Devlin stated that Plaintiff's employment was terminated, effective immediately.

44.     When Plaintiff asked Devlin why he was terminated, Devlin stated that he should look at the March 23, 2017 mid-point review.  Plaintiff responded that this review did not accurately reflect Plaintiff's performance, and that the group was exceeding its sales goals.

45.     On April 21, 2017, Plaintiff was informed that Devlin stated to his sales group that Plaintiff had "finally retired."

46.     Devlin also congratulated Plaintiff's sales group for its strong performance.

47.     Plaintiff was the only employee directly reporting to Devlin who was terminated effective April 21, 2017.

48.     On or about June 23, 2017, Plaintiff was informed by Heather Dal Cielo, Manager, Abbott Laboratories Employee Relations, that he was not eligible for rehire at Defendant.  The stated reason was that "this was approved by several layers."

49.     Defendant's stated reasons for terminating Plaintiff's employment are a pretext for age discrimination.

50.     Defendant's conduct evidences a pattern and practice of bias against older employees.  Defendant targets and pushes out employees over the age of fifty (50) and treats

younger employees more favorably.

51.     By way of example, in or about January 2016, Devlin terminated Gary Hamil (55), Regional Manager, for alleged performance issues.   Merrill (38) replaced Hamil as Regional Manager.

52.     Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff's employment.

53.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

54.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

55.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I (ADEA)

56.     Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57.     By committing the foregoing acts of discrimination against Plaintiff, Defendant Abbott has violated the ADEA.

58.     Said violations were willful and warrant the imposition of liquidated damages.

59.     As a direct and proximate result of Defendant Abbott's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Abbott's discriminatory acts unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

## COUNT II (NJLAD)

62.     Plaintiff incorporates herein by reference paragraphs 1 through 61 above, as if set forth herein in their entirety.

63.     Defendant Abbott, by the foregoing acts of discrimination, has violated the NJLAD.

64.     Said violations were intentional and willful and warrant the imposition of punitive damages.

65.     There was participation by upper management of Defendant Abbott in connection with the discrimination to which Plaintiff was subjected.

66.     As a direct and proximate result of Defendant Abbott's violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein.

67.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant Abbott's discriminatory acts unless and until the Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Richard Rudolph, and against Defendant Abbott.  Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)      declaring the acts and practices complained of herein to be in violation of the ADEA;

(d)      declaring the acts and practices complained of herein to be in violation of the NJLAD;

(e)      enjoining and permanently restraining the violations alleged herein;

(f)      entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

(g)      awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

(h)      awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i)      awarding liquidated damages to Plaintiff under the ADEA;

(l)      awarding punitive damages to Plaintiff under the NJLAD;

(m)      awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD;

(n)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and

reasonable attorneys' fees; and,

(o)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: April 11, 2018                          By:  _____

Stephen G. Console
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
console@consolelaw.com
856-854-4000
856-854-4006 (fax)

Attorneys for Plaintiff,
Richard Rudolph

# Exhibit 1

| CHARGE OF DISCRIMINATION | AGENCY<br>Q   FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Richard Rudolph** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(904) 719-1187 |
|---|---|

| STREET ADDRESS<br>███████ | CITY, STATE AND ZIP<br>Fernandina Beach, FL 32034 | DATE OF BIRTH<br>███1961 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Abbott Laboratories; Abbott;**<br>**Abbott Point of Care, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(609) 454-9000 |
|---|---|---|

| STREET ADDRESS<br>400 College Road East | CITY, STATE AND ZIP<br>Princeton, NJ 08540 | COUNTY<br>Mercer |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   **X** Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest*  06/23/2017 |
|---|---|

**The Particulars Are:**

A.     1.     Relevant Work History

I was first hired by Respondent's predecessor in or around 1989.  At the time of my termination, I held the position of Director, US Channel Sales.  I reported to Jeffrey Devlin (52ª), Divisional Vice President, US Commercial Operations and Marketing.  Devlin reports to Sharon Bracken (45), Vice President, Point of Care Diagnostics (Division President), who reports to Brian Blaser (52), Executive Vice President, Diagnostics Products (Abbott Diagnostics Group President).

Respondent terminated my employment.  I am age fifty-five (55), with more than fourteen (14) years of service total at Respondent and Respondent's predecessor.

I consistently demonstrated positive performance and dedication to Respondent.  I performed my duties in a highly competent manner.  I managed Respondent's Channel Sales team of approximately thirty (30) employees to increase sales of Respondent's point-of-care medical product line.  I increased Respondent's sales from less than $30 million to over $91 million between 2010 and 2016.  I earned four (4) President's Club awards at Respondent, in 2010, 2012, 2013, and 2015.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and local Requirements)<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 6/29/2017     Charging Party *(Signature)*:<br><br>*[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---
ª All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party –

2.    Harm Summary

I have been discriminated against because of my age (55).  Evidence of the age discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  In or about May 2015, I began reporting to Devlin.

(b)  The following Director employees report to Devlin: John Murad (42), Director, Channel Marketing; Rob Fowler (45), Director, Large Hospital Marketing; Vince Morse (48), Director, Integrated Delivery Network Sales; and Carol Niksch (50), Director, Field Service Specialists.  I am qualified to perform all of these employees' jobs, except for Niksch's job.

(c)  Prior to reporting to Devlin, I consistently received strong performance reviews.

(d)  On or about January 3, 2017, I received a Partially Achieved Expectations rating in my 2016 review.  Devlin gave me this rating even though I had achieved 95.6% of my 2016 goal.  The rating and review I received were not fair representations of my overall performance.

(e)  My 2016 performance rating decreased my total 2017 compensation, including my merit increase, profit sharing, and restricted stock unit offering.

(f)  Younger employees reporting to Devlin missed their 2016 financial goals but received a better performance rating than I received.

(g)  On January 19, 2017, I was placed on a 90-day Action Plan.  The Action Plan stated that I was "not meeting performance expectations required of [me] in [my] role."

(h)  I was Devlin's only direct report that was placed on an Action Plan.

(i)  As part of my Action Plan, Respondent required me to place two (2) of my direct reports on Action Plans: Ron Gonzales (53), Regional Sales Manager (Central); and Andy Bielitz (57), Regional Manager (West).  Both of the employees that I was required to place on Action Plans are over age fifty (50).  My other two (2) direct reports that were not placed on Action Plans are under age fifty (50): Joe Linn (42), National Account and Government Manager; and Cisco Merrill (38), Regional Sales Manager (East).

(j)  My Action Plan required me to attain all key sales metrics for each sales region and each month within the 90-day Action Plan period.  This was not realistic or feasible.

(k)  On March 23, 2017, Devlin emailed me a mid-point review of my Action Plan progress.  Devlin criticized my performance and focused on my alleged failures.  The review was not a fair representation of my performance, and I submitted a written response to the review regarding its inaccurate content and unjust criticisms.

(l)  On April 20, 2017, Devlin asked me to call him on his conference call line for our scheduled one-on-one meeting April 21, 2017.

(m)  When I called Devlin on April 21, 2017, Devlin and Lisa Siko (42), Human Resources Representative, were both on the call.  Devlin stated that this was the 90-day mark of the Action Plan, and that I had not been making sufficient progress on the Action Plan.  I was terminated, effective immediately.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party –

(n) When I asked Devlin why I was terminated, Devlin stated that I should look at the March 23, 2017 mid-point review. I responded that this review did not accurately reflect my performance, and that my group was exceeding our sales goals.

(o) On April 21, 2017, I was informed that Devlin told my sales group that I had "finally retired." Devlin also congratulated my group for its strong performance.

(p) I was the only employee directly reporting to Devlin that was terminated effective April 21, 2017.

(q) On June 23, 2017, I was informed by Heather Dal Cielo, Manager, Abbott Laboratories Employee Relations, that I am not eligible for rehire at Respondent. The stated reason was that "this was approved by several layers."

(r) Respondent's comments and conduct evidence a bias against older employees, including, but not limited to the following instances.

    i. Respondent targets and pushes out employees over age fifty (50) and treats younger employees more favorably.

    ii. In or about July 2016, Devlin told Bielitz (57), in front of other employees, that if Bielitz's region did not achieve the quarter three (3) 2016 sales goals, he would "have to find other employment."

    iii. In or about January 2016, Devlin terminated Gary Hamil (55), Regional Manager, for alleged performance issues. Merrill (38) replaced Hamil as Regional Manager.

B. 1. Respondent's Stated Reasons

(a) Respondent's explanation for terminating my employment, that I had not been making sufficient progress on the Action Plan, is pretext for age discrimination.

(b) Respondent's explanation for placing my on an Action Plan, that I was "not meeting performance expectations required of [me] in [my] role," is pretext for age discrimination.

(c) Respondent's explanation for giving me a Partially Achieved Expectations rating, that I "struggled to achieve [my] business objectives," is pretext for age discrimination.

(d) Respondent's explanation for refusing to rehire me, that "this was approved by several layers," is pretext for age discrimination.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (55) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein.

# Exhibit 2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard Rudolph | From: | Newark Area Office |
|---|---|---|---|
| | | | 283-299 Market Street |
| | Fernandina Beach, FL 32034 | | Two Gateway Center, Suite 1703 |
| | | | Newark, NJ 07102 |

☐  On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Rayba Watson, | |
| 524-2017-00937 | Enforcement Supervisor | (973) 645-6021 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form )

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          1-12-18
                                          (Date Mailed)

**John Waldinger,**
**Area Office Director**

Enclosures(s)

cc:
Sarah N. Chomiak
Division Counsel
ABBOTT LABORATORIES
100 Abbott Park Road
Dept. 033C, Bldg. AP6A-2
Abbott Park, IL 60064

Emily R. Derstine Friesen
CONSOLE MATTIACCI LAW
1525 Locust Street, 9th Fl.
Philadelphia, PA 19102