Howard M. Wexler
hwexler@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
32nd Floor
New York, NY 10018
Telephone:     (212) 218-5500
Facsimile:     (202) 218-5526

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH<br>Fernandina Beach, FL 32034,<br><br>       Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES, INC.<br>400 College Road East<br>Princeton, NJ 08540,<br><br>       Defendant. | Civil Action No.: 3:18-cv-06071<br><br>Hon. Peter G. Sheridan, Judge<br><br>Hon. Tonianne J. Bongiovanni, Magistrate Judge |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, ABBOTT LABORATORIES INC. ("Defendant" or "Abbott"), by and through its attorneys, Seyfarth Shaw, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## COMPLAINT ¶1:

Plaintiff, Richard Rudolph, is an individual and a citizen of the State of Florida.

## ANSWER:

Defendant admits that Plaintiff Richard Rudolph is an individual.  Defendant lacks sufficient knowledge to affirm or deny the remaining allegations in Paragraph 1 and therefore denies them.

**COMPLAINT ¶2:**

Plaintiff was born in 1961 and was fifty-five (55) years old at the time of his termination in April 2017.

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Defendant Abbott is an Illinois corporation with a principal place of business at 400 College Road East, Princeton, NJ 08540.

**ANSWER:**

Defendant denies the allegations in Paragraph 3.  Answering further, Defendant states

that it is a Delaware corporation with its principal place of business in Illinois.

**COMPLAINT ¶4:**

Defendant Abbott is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

**ANSWER:**

Defendant submits that the allegations in Paragraph 4 are conclusions of law or mixed

conclusions of law and fact to which no response is required.  To the extent a response is

required, Defendant denies the allegations contained in Paragraph 4.

**COMPLAINT ¶5:**

At all times material hereto, Defendant Abbott employed more than twenty (20) employees.

**ANSWER:**

Defendant admits the allegations in Paragraph 5.

**COMPLAINT ¶6:**

At all times material hereto, Defendant Abbott acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant Abbott and in furtherance of Defendant Abbott's business.

**ANSWER:**

Defendant submits that the allegations in Paragraph 6 are conclusions of law or mixed conclusions of law and fact to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.

**COMPLAINT ¶7:**

At all times material hereto, Defendant Abbott acted as an employer within the meanings of the statutes which form the basis of this matter.

**ANSWER:**

Defendant submits that the allegations in Paragraph 7 are conclusions of law or mixed conclusions of law and fact to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.

**COMPLAINT ¶8:**

At all times material hereto, Plaintiff was an employee of Defendant Abbott within the meanings of the statutes which form the basis of this matter.

**ANSWER:**

Defendant admits that Plaintiff was an employee of Defendant from on or around August 31, 2009 through April 21, 2017.  Defendant submits that the remaining allegations in Paragraph 8 are conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 8.

JURISDICTION AND VENUE

**COMPLAINT ¶9:**

The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

**ANSWER:**

Defendant admits that this action has been brought pursuant to the ADEA and the

NJLAD.  Defendant denies that it violated the ADEA or NJLAD and denies any remaining

allegations in Paragraph 9.

**COMPLAINT ¶10:**

The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiff's ADEA claim.

**COMPLAINT ¶11:**

The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

**ANSWER:**

Defendant admits that this Court may choose to exercise supplemental jurisdiction over

Plaintiff's NJLAD claim.

**COMPLAINT ¶12:**

Venue is proper in the District Court under 28 U.S.C. §1391(b).

**ANSWER:**

Defendant admits that venue is proper in this Court.

**COMPLAINT ¶13:**

On or about June 29, 2017, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination alleged herein. Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 13

and therefore denies them.

**COMPLAINT ¶14:**

On or about January 12, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of the EEOC notice.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 14

and therefore denies them.

**COMPLAINT ¶15:**

Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 15

and therefore denies them.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶16:**

Plaintiff was first hired by Defendant's predecessor company, MediSense, in or around 1989. MediSense was acquired by Defendant in or around 1995.

**ANSWER:**

Defendant admits Plaintiff was employed by MediSense beginning in or around 1989 and

that Defendant acquired MediSense in or around 1996.  Defendant denies the remaining

allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff left Defendant in 2003 and was recruited to re-join Defendant in its Point-of-Care division – headquartered in Princeton, NJ - in 2009 as Marketing Manager.

**ANSWER:**

Defendant admits that Plaintiff left his employment with Defendant in 2003 and was rehired in 2009 as a Marketing Manager in Defendant's Point-of-Care Division, located out of Princeton, New Jersey.  Defendant denies any remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

In total, Plaintiff served Defendant and Defendant's predecessor for over twenty (20) years before his termination in April 2017.

**ANSWER:**

Defendant admits the allegations in Paragraph 18.

**COMPLAINT ¶19:**

At the time of his termination, Plaintiff was fifty-five (55) years old and held the position of Director of Sales, US Channel Team. Plaintiff held this position since May 2010.

**ANSWER:**

Defendant admits the allegations in Paragraph 19.

**COMPLAINT ¶20:**

At the time of his termination, Plaintiff reported to Jeffrey Devlin (49[1]), Divisional Vice President ("VP"), US Commercial Operations and Marketing.

**ANSWER:**

Defendant admits the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Upon information and belief, Plaintiff was the oldest employee reporting directly to Devlin.

**ANSWER:**

Defendant denies the allegations in Paragraph 21.

---

[1] Plaintiff states in the Complaint that ages contained herein are approximates.

**COMPLAINT ¶22:**

Devlin reported to Sharon Bracken (45), VP, Point of Care Diagnostics (Division President), who reported to Brian Blaser (52), Executive VP, Diagnostics Products (Abbott Diagnostics Group President).

**ANSWER:**

Defendant states that Sharon Bracken is 47 years old and Brian Blaser is 54 years old.

Defendant admits the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff managed Defendant's Channel Sales team of approximately thirty (30) employees, and was responsible for increasing sales of Defendant's Point-of-Care medical product line.

**ANSWER:**

Defendant admits the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Throughout his employment with Defendant, Plaintiff consistently demonstrated positive performance and dedication to Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

By way of example, Plaintiff increased Defendant's sales from less than $30 million to over $91 million between 2010 and 2016.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Further, Plaintiff earned six (6) President's Club awards at Defendant, in 1996, 1997, 2010, 2012, 2013, and 2015. Plaintiff also earned, in 2000, the Wallace C. Abbott Marketer of the Year Award.

**ANSWER:**

Defendant admits that Plaintiff earned a President's Club award in 2012, 2013, and 2015.

Defendant lacks sufficient knowledge to affirm or deny the remaining allegations in Paragraph

26 and therefore denies them.

**COMPLAINT ¶27:**

In or about May 2015, Plaintiff began reporting to Devlin.

**ANSWER:**

Defendant admits the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Prior to reporting to Devlin, Plaintiff consistently received strong performance reviews.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

On or about January 3, 2017, for the first time during his tenure with Defendant, Plaintiff received a Partially Achieved Expectations rating in his 2016 review.

**ANSWER:**

Defendant admits that, on or around January 3, 2017, Plaintiff received a Partially

Achieved Expectations rating on his 2016 performance review.  Defendant lacks sufficient

knowledge to affirm or deny the remaining allegations in Paragraph 29 and therefore denies

them.

**COMPLAINT ¶30:**

Devlin gave Plaintiff this rating even though Plaintiff had achieved 95.6% of his 2016 goal.

**ANSWER:**

Defendant admits that Plaintiff failed to meet his 2016 sales goal.  Defendant denies the remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Plaintiff's 2016 performance rating decreased his total 2017 compensation package, including his merit increase, profit sharing, and restricted stock unit offering.

**ANSWER:**

Defendant admits that Plaintiff's 2016 performance rating affected his 2017 compensation package, including his merit increase and restricted stock unit offering.  Defendant denies the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

Younger employees reporting to Devlin missed their 2016 financial goals by a higher percentage than Plaintiff but received a better performance rating from Devlin.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

On or about January 19, 2017, Defendant placed Plaintiff on an 90-day Action Plan. The Action Plan stated that Plaintiff was "not meeting performance expectations required of [him] in [his] role."

**ANSWER:**

Defendant admits that it placed Plaintiff on a 90-day Action Plan.  Defendant denies the remaining allegations contained in Paragraph 33 as they purport to characterize and/or paraphrase the contents of the 90-day Action Plan.  This document speaks for itself and to the extent that the allegations in Paragraph 33 are inconsistent with the referenced document, the allegations are denied.

**COMPLAINT ¶34:**

Plaintiff was Devlin's only direct report who was placed on an Action Plan at that time even though no other direct report to Devlin achieved their sales plan number.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

As part of his Action Plan, Plaintiff was directed to place two (2) of his direct reports on Action Plans: (1) Ron Gonzalez (53), Regional Sales Manager (Central); and (2) Andy Bietlitz (57), Regional Sales Manager (West).

**ANSWER:**

Defendant admits that Plaintiff's recommendation to put Regional Managers Ron

Gonzalez and Andy Bielitz on Action Plans was included in Plaintiff's Action Plan.  Defendant

denies any remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

Both of these employees and direct reports of Plaintiff were over the age of fifty (50).

**ANSWER:**

Defendant admits the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Plaintiff was not directed to place his other two (2) direct reports on an Action Plan: (1) Joe Linn (42), National Account and Government Manager; and (2) Francisco Merrill (38), Regional Sales Manager (East).

**ANSWER:**

Defendant admits that Plaintiff did not recommend placing National Account and

Government Manager Joe Linn or Regional Manager Francisco Merrill on Action Plans.

**COMPLAINT ¶38:**

Plaintiff's two (2) direct reports who were not placed on an Action Plan were substantially younger than Plaintiff and Plaintiff's direct reports who were ordered by Defendant to be placed on Action Plans.

**ANSWER:**

Defendant admits that, based on Plaintiff's recommendation, Ron Gonzalez and Andy

Bielitz were placed on Action Plans and Joe Linn and Francisco Merrill were not placed on

Action Plans.  Defendant denies the remaining allegations in Paragraph 38.

**COMPLAINT ¶39:**

Plaintiff's Action Plan required him to attain all key sales metrics for each sales region
and each month within the 90-day Action Plan period. This goal was not realistic or feasible.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 39 of the Complaint as stated, as

they purport to characterize and/or paraphrase the contents of Plaintiff's Action Plan.  This

document speaks for itself and to the extent that the allegations in Paragraph 39 are inconsistent

with this document, the allegations are denied.  Defendant denies the remaining allegations in

Paragraph 39.

**COMPLAINT ¶40:**

On or about March 23, 2017, Devlin emailed Plaintiff a mid-point review of his Action
Plan progress. Devlin criticized Plaintiff's performance and focused on his alleged failures. The
review was not a fair representation of Plaintiff's performance, and Plaintiff submitted a written
response to the review regarding its inaccurate content and unjust criticisms.

**ANSWER:**

Defendant admits that on or around March 23, 2017, Devlin provided Plaintiff with a 60-

Day Update on Plaintiff's Action Plan and that Plaintiff submitted a written response.  Defendant

denies the remaining allegations in Paragraph 40.

**COMPLAINT ¶41:**

On or about April 20, 2017, Devlin asked Plaintiff to call him on his conference call line
for their scheduled one-on-one meeting on April 21, 2017.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 41

and therefore denies them.

**COMPLAINT ¶42:**

When Plaintiff called Devlin on April 21, 2017, Devlin and Lisa Siko (42), Human Resources representative, were both on the call. Devlin stated that this was the 90-day mark of the Action Plan, and that Plaintiff had not been making sufficient progress on the Action Plan.

**ANSWER:**

Defendant admits the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Devlin stated that Plaintiff's employment was terminated, effective immediately.

**ANSWER:**

Defendant admits the allegations in Paragraph 43.

**COMPLAINT ¶44:**

When Plaintiff asked Devlin why he was terminated, Devlin stated that he should look at the March 23, 2017 mid-point review. Plaintiff responded that this review did not accurately reflect Plaintiff's performance, and that the group was exceeding its sales goals.

**ANSWER:**

Defendant admits the first sentence of Paragraph 44.  Defendant denies the remaining

allegations in Paragraph 44 as stated.

**COMPLAINT ¶45:**

On April 21, 2017, Plaintiff was informed that Devlin stated to his sales group that Plaintiff had "finally retired."

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny what Plaintiff was "informed"

and therefore denies this allegation.  Defendant denies that Devlin made the alleged statement

and denies any remaining allegations in Paragraph 45.

**COMPLAINT ¶46:**

Devlin also congratulated Plaintiff's sales group for its strong performance.

**ANSWER:**

Defendant denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Plaintiff was the only employee directly reporting to Devlin who was terminated effective April 21, 2017.

**ANSWER:**

Defendant admits the allegations in Paragraph 47.

**COMPLAINT ¶48:**

On or about June 23, 2017, Plaintiff was informed by Heather Dal Cielo, Manager, Abbott Laboratories Employee Relations, that he was not eligible for rehire at Defendant. The stated reason was that "this was approved by several layers."

**ANSWER:**

Defendant admits that, on or around June 23, 2017, Heather Dal Cielo, Employee

Relations Manager, confirmed that Plaintiff was not eligible for rehire.  Defendant denies the

remaining allegations in Paragraph 48.

**COMPLAINT ¶49:**

Defendant's stated reasons for terminating Plaintiff's employment are a pretext for age discrimination.

**ANSWER:**

Defendant denies the allegations in Paragraph 49.

**COMPLAINT ¶50:**

Defendant's conduct evidences a pattern and practice of bias against older employees. Defendant targets and pushes out employees over the age of fifty (50) and treats younger employees more favorably.

**ANSWER:**

Defendant denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

By way of example, in or about January 2016, Devlin terminated Gary Hamil (55), Regional Manager, for alleged performance issues. Merrill (38) replaced Hamil as Regional Manager.

**ANSWER:**

Defendant admits that Plaintiff terminated Regional Manager Gary Hamil in or around

January 2016 and Plaintiff hired Francisco Merrill to replace him.  Defendant denies the

remaining allegations in Paragraph 51.

**COMPLAINT ¶52:**

Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff's employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**ANSWER:**

Defendant denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 54.

**COMPLAINT ¶55:**

The conduct of Defendant, as set forth above, was willful and intentional.

**ANSWER:**

Defendant denies the allegations in Paragraph 55.

## COUNT I (ADEA)

**COMPLAINT ¶56:**

Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

**ANSWER:**

Defendant hereby incorporates by reference its answers to paragraphs 1 through 55 as if

set forth herein in their entirety.

**COMPLAINT ¶57:**

By committing the foregoing acts of discrimination against Plaintiff, Defendant Abbott has violated the ADEA.

**ANSWER:**

Defendant denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Said violations were willful and warrant the imposition of liquidated damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

As a direct and proximate result of Defendant Abbott's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 59.

**COMPLAINT ¶60:**

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Abbott's discriminatory acts unless and until this Court grants the relief requested herein.

**ANSWER:**

Defendant denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

No previous application has been made for the relief requested herein.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 61

and therefore denies them.

## COUNT II (NJLAD)

**COMPLAINT ¶62:**

Plaintiff incorporates herein by reference paragraphs 1 through 61 above, as if set forth herein in their entirety.

**ANSWER:**

Defendant hereby incorporates by reference its answers to paragraphs 1 through 61 as if

set forth herein in their entirety.

**COMPLAINT ¶63:**

Defendant Abbott, by the foregoing acts of discrimination, has violated the NJLAD.

**ANSWER:**

Defendant denies the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Said violations were intentional and willful and warrant the imposition of punitive damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 64.

**COMPLAINT ¶65:**

There was participation by upper management of Defendant Abbott in connection with the discrimination to which Plaintiff was subjected.

**ANSWER:**

Defendant denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

As a direct and proximate result of Defendant Abbott's violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein.

**ANSWER:**

Defendant denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant Abbott's discriminatory acts unless and until the Court grants the relief requested herein.

**ANSWER:**

Defendant denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

No previous application has been made for the relief requested herein.

**ANSWER:**

Defendant lacks sufficient knowledge to affirm or deny the allegations in Paragraph 68 and therefore denies them.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth the following defenses without assuming any burden of production or proof that they would not otherwise have.  Defendant also specifically reserves the right to amend this Answer by adding additional defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's own conduct, omissions, actions and/or inaction bar any recovery.

## FOURTH DEFENSE

Plaintiff's claims, in whole or in part, are barred to the extent that they assert claims that were not properly exhausted.

## FIFTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, laches, estoppel, res judicata, issue preclusion, and/or claim preclusion.

## SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred to the extent they are beyond the scope of any administrative charge or the EEOC's investigation thereof.

## SEVENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Defendant is not liable for Plaintiff's claims, in whole or in part, because Plaintiff was not subjected to discrimination on the basis of his age or any other characteristic protected under law and all actions taken with respect to his employment were taken for legitimate business reasons.

**NINTH DEFENSE**

While Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of any laws, if any such violation occurred, it occurred outside the scope of employment or agency and without the consent of Defendant.  Defendant did not authorize, condone, ratify, or tolerate any illegal or tortious acts, but instead prohibited such acts, and such conduct may not be attributed to Defendant through principles of agency, *respondeat superior*, joint employer or otherwise.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant fails to rise to the level required to sustain an award of punitive damages, does not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages.  Further, Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable laws and regulations.

**ELEVENTH DEFENSE**

To the extent that Plaintiff has failed to mitigate his damages, Plaintiff is barred from recovery on all or a portion of her claims.

**TWELFTH DEFENSE**

Plaintiff's claims and/or damages may be barred and/or limited by the after-acquired evidence doctrine.

WHEREFORE, Defendant prays that:

1.      Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2.      Plaintiff take nothing by the Complaint.

3.      The Court deny Plaintiff's requested relief.

4.      The Court award Defendant its costs and attorneys' fees.

5.      The Court award Defendant such further relief as it deems just and proper.


Dated: July 9, 2018                 Respectfully submitted,

                                    ABBOTT LABORATORIES, INC.


                                 By:  *s/Howard M. Wexler*
                                       Attorney for Defendant

Howard M. Wexler
hwexler@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
32nd Floor
New York, NY 10018
Telephone:    (212) 218-5500
Facsimile:    (202) 218-5526

Eric J. Janson*
ejanson@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004-1454
Telephone:    (202) 463-2400
Facsimile:    (202) 828-5393

Elizabeth B. Banaszak*
ebanaszak@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000

Chicago, IL 60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000

ATTORNEYS FOR DEFENDANT

*Seeking admission pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**STEPHEN G. CONSOLE**
CONSOLE MATTIACCI LAW, LLC
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
Email: console@consolelaw.com

**RAHUL MUNSHI**
CONSOLE MATTIACCI LAW, LLC
1525 Locust Street, 9th Floor,
Philadelphia, PA  19102
Email: munshi@consolelaw.com

_s/ Howard M. Wexler_
Attorney for Defendant