UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH,<br><br>*Plaintiff*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC,<br><br>*Defendants*. | Civil Action No.:<br>3:18-cv-6071-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's motion in limine to exclude testimony by Gonzales of Plaintiff's manager, Jeffrey Devlin, saying "Rich [Rudolph] finally retired." (ECF Nos. 101).

I.

Defendant anticipates that Rudolph will offer the testimony of Ron Gonzales that shortly after Rudolph's employment was terminated, Devlin stated on a team conference that "Rich [Rudolph] finally retired." Gonzales participated on the phone call, and heard Devlin's comment.

Defendant argues that Gonzales' testimony would be inadmissible because Gonzales has made clear that he cannot remember exactly what Devlin said. That is, Gonzales testified in deposition that Devlin may have either said "Finally, Rich retired" or "Rich finally retired." Defendant further argues that Gonzales does not have any personal knowledge of the context in which the statement was made.

II.

The Court denies Defendant's motion. The statement is relevant since the jury may or may not find that it shows a bias against age. Fed. R. Evid. 401 and 403. Moreover, the alleged statement made by Devlin, a decision-maker, is relevant to Plaintiff's burden of establishing age as a determinative factor in his termination, and in rebutting Defendant's alleged legitimate cause for termination (failure to meet PIP). As a first hand witness to the conversation, Ron Gonzales' testimony is admissible.

The argument that Gonzales' testimony should be excluded because Gonzales cannot recall exactly what Devlin said ("finally, Rich retired" or "Rich finally retired") is meritless.

Defendant alleges that Plaintiff intends to elicit testimony from Gonzales about the meaning of Devlin's statement. Abbott contends this was not disclosed in the Final Pretrial Order. To the contrary, Gonzales is named as a witness in the Final Pretrial Order, and the facts surrounding that statement is subject to an entire section of facts in the Final Pretrial order (ECF No. 92 p. 34). Fed. R. Civ. P. 16(c)(2)(G). The Court finds that the Final Pretrial Order does not preclude the testimony of Gonzales. Since there is no surprise as to the content of Gonzales' statement, it is admissible. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297 (3d Cir. 2012).

## ORDER

For the reasons set forth above, and for good cause having been shown;

**IT IS**, on this 31st day of August, 2023:

**ORDERED** that Defendant's motion in limine (ECF No. 101) is denied.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.