UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH,<br><br>    *Plaintiff*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC,<br><br>    *Defendants*. | Civil Action No.:<br>3:18-cv-6071-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

  This case is before the Court on Plaintiff's motion in limine seeking relief on three separate issues. (ECF Nos. 97). That is to: (1) preclude Abbott from referencing the age of Jeffrey Devlin at the time of trial; (2) preclude Abbott from arguing Plaintiff received pension benefits; and (3) to bar the testimony of a vocational expert, Rona Wexler. The Court heard oral argument on the parties' motion in limine on June 1, 2023.

I.

  With regard to issue number 1 which seeks to preclude Abbott from offering the age of Devlin at trial, that motion is denied for the following reasons.

  Rudolph argues that submission of Devlin's age (49) is prejudicial because Devlin is approximately the same age as Rudolph (55), and a jury may conclude that an older person, Devlin, would not have discriminated against another older

person (Rudolph) based on age. The Supreme Court has rejected this presumption in a similar case, reasoning that "[b]ecause of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group." *Oncase v. Sundowner Offshore Servs., Inc.* 523 U.S. 75, 78 (1998)(quoting *Casteneda v. Partida*, 430 U.S. 482, 499 (1977). Rudolph argues that the "same age" presumption has been rejected by the Supreme Court, then Devlin's age is irrelevant.

To the contrary, Defendant argues that Devlin's age is relevant to its strategy of "weakening" plaintiff's allegations of Devlin's discriminatory intent regarding plaintiff's termination. (ECF No. 114, p. 7). Further, defendant argues it does not intend to suggest at trial that "plaintiff's claim is barred as a matter of law" because both Rudolph and Devlin are members of the same protected class due to their ages; rather Devlin's age is a fact which the jury may consider in its determination as to the discriminatory intent. Since discriminatory intent on the part of Abbott is a factual analysis, the age of Devlin is one fact making up a larger picture. *Rozic v. Trinity Indus. Inc.*, 47 F. App'x 151, 155 n. 10 (3d Cir. 2002). One court has noted that while the fact that the discriminating supervisors were the same age as plaintiff is not dispositive, it still undermines plaintiff's allegation of disparate treatment. *Id.* at 155, n. 10 . *Elwell v. Pennsylvania Power & Light*, 47 Fed. Appx. 183, 188-89 (3d Cir. 2002) (finding plaintiff's case is weakened where

decisionmaker was 50 years old at the time of the adverse action). As such, Plaintiff's request to exclude Devlin's age is denied.

## II.

In issue number 2, Plaintiff seeks to preclude Abbott from offering Rudolph's pension benefits at trial. The Third Circuit Jury Instructions make clear that '[u]nder the ADEA, collateral benefits such as unemployment compensation, pension benefits and social security benefits are not to be deducted from back pay award." See, Third Circuit Model Jury Instructions 8.4.2 (citing *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.*, 789 f. 2d 253 (3d Cir. 1986) and *Maxfield v. Sinclair, Int'l,* 766 F. 2d 788 (3d Cir. 1985).

Notably, it is prejudicial to present evidence of plaintiff's receipt of funds from a collateral source in that such evidence is subject to misuse and likely to cause confusion. Fed. R. Evid. 403; *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 (1963). However, if Plaintiff "opens the door" about the status of his failure to return to work, then Defendant may impeach based on the collateral source. Plaintiff's motion to preclude Abbott from offering pension benefits as a factor to consider in awarding back pay is granted. However, if Plaintiff "opens the door," then Defendant may impeach on collateral source. *Gladden v. P. Henderson & Co*, 385 F. 2d 480, 483 (3d Cir. 1967); *Mayfield v. Sinclair*, 766 f. 2d 788, 795 (3d Cir. 1985).

III.

With regard to issue number 3, Plaintiff seeks to exclude the testimony of vocational expert, Rona Wexler.

Defendant offers Wexler as an expert witness on matters regarding employability, compensation, earning capacity, and mitigation of damages. Wexler also opines that Plaintiff "should have done more" to secure a full-time job earlier.

Federal Rule of Evidence 702(a) states: "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Perez*, 280 F. 3d 318, 341 (3d Cir. 2002). Further, Fed. R. Evid. 702 requires (1) "the proffered 'expert' must be qualified to express an expert opinion," based on the expert's "knowledge, skills, and training" and (2) "the proffered expert opinion must be reliable." *In re TMI Litig.*, 193 F. 3d 613, 664 (3d Cir. 1999) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F. 3d 717, 741 (3d Cir. 1994).

Factors in assessing reliability include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*In re TMI Litig.*, 193 F. 3d at 664.

Here we have a plaintiff employable in a specific field generally known to be competitive and high paying. While a jury can relate to the steps involved in a job search, without further guidance, a juror may not know the state of the job market at the time of termination, what would constitute a comparable position for Plaintiff, or what steps constitute a reasonable effort in Plaintiff's job search for a comparable position. Guidance by an expert on these issues is relevant to Defendant's argument that Plaintiff failed to mitigate damages. Ms. Wexler may testify on those subject matters. On the other hand, Abbott proffers Wexler's opinion on the fact that Plaintiff would have found a job substantially sooner if he executed his job search more expeditiously. This opinion is not based on peer review, it is not supported by any controlling standards, nor is it based on any recognized methodology. As such, that testimony is inadmissible.

## ORDER

This matter is before the Court on Plaintiff's motion in limine (ECF No. 97) seeking: (1) preclude Abbott from referencing the age of Jeffrey Devlin at the time of trial; (2) preclude Abbott from arguing Plaintiff received pension benefits; and (3) to exclude testimony of a vocational expert, Rona Wexler. For the reasons set forth above, and for good cause having been shown;

IT IS, on this 31st day of August, 2023:

ORDERED that Plaintiff's motion in limine to preclude Abbott from referencing Devlin's age at trial is denied; and it is further

ORDERED that Plaintiff's motion to preclude Abbott from arguing that Plaintiff received pension benefits is granted; and it is further

ORDERED that the motion to exclude the testimony of Rona Wexler is denied except that Wexler may not testify, that in her opinion, Rudolph could have found a job substantially sooner if he executed his job search more expeditiously.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.