UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD RUDOLPH,

          *Plaintiff*,

v.

ABBOTT LABORATORIES, INC,

          *Defendants*.

Civil Action No.:
3:18-cv-6071-PGS-TJB

**MEMORANDUM AND ORDER**

This matter is before the Court on the Defendant's motion in limine to exclude testimony about other complaints of age discrimination and associated exhibits. (ECF No. 100).

I.

Abbott anticipates that Rudolph will offer testimony and exhibits about other complaints of age discrimination. More specifically, Abbott seeks to preclude the testimony of Andy Bielitz, Ron Gonzales, and other employees about age discrimination claims, as well as any related exhibits including Plaintiff's proposed exhibits PX 29–33 and PX 60–63.

In late 2016 and early 2017, Ron Gonzales and Andy Bielitz independently complained to Abbott personnel about age discrimination by Devlin. Both Gonzales and Bielitz had both been placed on Performance Improvement Plans (PIP) at the time. The complaints were:

\*       Gonzales complained that Devlin discriminated against him due to his age when Devlin placed Gonzales on a PIP but another younger employee was not subject to a PIP (Francisco Merrill) despite the fact that Merrill's volume of sales was less than Gonzales' sales (ECF No. 66 at 9);

\*       Bielitz (57 years of age) had been the West Regional Sales Manager under Rudolph for the duration of Rudolph's tenure as Channel Sales Director. Bielitz specifically complained that Devlin made "exceptions" to a key requirement for the Presidents Club award for younger employees but not older employees. (ECF No. 100, p. 12). Bielitz also complained about a change in incentive for the Large Hospital Team, which Bielitz was not a member. (ECF No. 100 p. 13).  Abbott investigated this complaint and assigned Nitorshi Wilson of Employee Relations to determine its validity.  Ms. Wilson interviewed Devlin about Bielitz's complaints, and she found that Bielitz's claim lacked merit. (ECF No. 100-2, Bielitz Dep. T. 115:11- T. 116:4). Since the Plaintiff and Defendant dispute each other's testimony, it is a jury question.

## II.

Plaintiff argues that evidence of allegations of age discrimination made against Devlin by other Abbott Laboratories, Inc. employees is relevant and admissible to proving the discriminatory intent element in this case.  Fed. R. Evid. 404(b)(2). Defendant seeks to preclude the evidence based on improper character evidence as irrelevant.

The Court denies Defendant's request for an Order excluding the testimony of Earl "Andy" Bielitz and Ron Gonzales concerning complaints of age discrimination by Devlin. (ECF No. 100). The testimony is temporally connected as having occurred within several months of Plaintiff's alleged wrongful termination.  The Third Circuit has permitted such evidence:

> Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext. See, e.g., *McDonnell Douglas Corp.*, 411 U.S. at 804, 93 S.Ct. 1817 (stating that evidence that employees of another race were treated differently from the plaintiff under comparable circumstances is "[e]specially relevant" to whether employer's proffered explanation is pretextual); *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 194 n. 8 (3d Cir.2000) (citing cases holding that, "as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination").
>
> …
>
> Thus, other acts are admissible under Rule 404(b) in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent. E.g., *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776–77 (10th Cir.1999); *Heyne v. Caruso*, 69 F.3d 1475, 1479–80 (9th Cir.1995).

*Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 521 (3d Cir. 2003).

The testimony of Bielitz and Gonzales is admissible as to Devlin's intent and motivation at the time of the employment dispute with Rudolph, and disputing Defendant's proffered legitimate reason for termination as pretext. *Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 521 (3d Cir. 2003). In addition, other evidence

such as Nitorshi Wilson and associated exhibits are admissible for the same reasons.

## ORDER

For the reasons set forth above, and for good cause having been shown;

**IT IS**, on this 31st day of August, 2023:

**ORDERED** that Defendant's motion in limine (ECF No. 100) is denied.


s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.