UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH,<br><br>    *Plaintiff*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC,<br><br>    *Defendants*. | Civil Action No.:<br>3:18-cv-6071-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's Motion in Limine to preclude Plaintiff from: (1) referencing his job performance in the years prior to 2015 and; (2) disputing the performance objectives outlined in the performance improvement plan ("PIP") in early 2017. (ECF No. 98).

I.

First, Abbott moves to preclude testimony of Rudolph's job performance prior to 2015 (Past Performance). Abbott argues Rudolph's Past Performance is not germane because Rudolph was not supervised by Devlin during the Past Performance timeframe.

On the other hand, Plaintiff argues his Past Performance is relevant for three reasons: (1) to show that he was qualified for the position of sales director; (2) to challenge or impeach Devlin's credibility in his assessment of Plaintiff ; and (3) to

demonstrate how Devlin's assessment and goals differed from Plaintiff's past managers, showing pretext.

In order [t]o state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over 40, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir.2004)). Third Circuit Model Jury Instructions 8.0.

As the Third Circuit held, one's "satisfactory performance of duties, leading to a promotion, does establish a plaintiff's qualification for a job". *Jalil v. Avdel Corp.*, 873 F.2d 701, 707 (3d Cir. 1989). As such, Rudolph's Past Performance is relevant to show his qualifications for the job, and to impeach Devlin's assessment.

II.

Second, Abbott moves to bar Rudolph's testimony which disputes Devlin's assessment of Rudolph's results on performance improvement plan ("PIP").

In the *Fuentes* case, it was held that an employer may not evaluate an employee based on factors that have nothing to do with the employee's individual performance. *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir.1994). As such, a plaintiff may present "such weaknesses, implausibility, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a

reasonable factfinder could rationally find them unworthy of credence." *Fuentes*, 32 F.3d at 765. But, the Third Circuit stopped any other broad attack on the assessment of the employee at this point. "Absent this type of violation of the *Fuentes* standard, we will not second guess the method an employer uses to evaluate its employees." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 468 (3d Cir. 2005). *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 647 (3d Cir.1998) ("Whether sales quotas or evaluation scores are a more appropriate measure of a manager's performance is not for the court (or factfinder) to decide."); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1216 (3d Cir.1988). For the most part, the "inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee."). Plaintiff bears the burden of production "to demonstrate that the employer's proffered rationale was a pretext for age discrimination;" and contesting the PIP finding is relevant to same. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 n. 4 (3d Cir.1995).

    The Plaintiff may dispute the performance objectives of his PIP as unreasonable and the design untenable in accordance with the *Fuentes* rationale. As such, Defendant's motion is denied.

## ORDER

    For the reasons set forth above, and for good cause having been shown;

    **IT IS**, on this 31ST day of August, 2023:

**ORDERED** that part one of Defendant's motion in limine (ECF No. 98) is denied; and it is further

**ORDERED** that part two of Defendant's motion is denied in that Plaintiff may dispute Devlin's assessment of the PIP in accordance with the *Fuentes* rationale.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.
