## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH, | Civil Action No.: |
| *Plaintiff*, | 3:18-cv-6071-PGS-TJB |
| v. | **MEMORANDUM AND** |
| ABBOTT LABORATORIES, INC, | **ORDER** |
| *Defendants*. | |

This matter is before the Court on the Defendant's motion in limine seeking to exclude evidence regarding the age of Plaintiff's replacement. (ECF No 102).

I.

At the time of Plaintiff's termination, Rudolph reported to Jeffrey Devlin. In July, 2017, Devlin was promoted, and Craig Thompson succeeded Devlin as Divisional Vice President. According to Abbott, the decision to hire Plaintiff's replacement Josh Renihan (age 45) as Channel Sales Manager, was determined by Thompson. Since Thompson solely decided to hire Renihan, that decision cannot be related to Devlin's alleged age-based criteria, then Renihan's age is irrelevant. *See Narin v. Lower Merion School District*, 206 F.3d 323, 335 (3d Cir. 2000)

Conversely, Plaintiff argues that while Devlin may not have hired his replacement, a jury could find through circumstantial evidence that Devlin influenced the decision. (ECF No. 110-1 at p. 4). Plaintiff contends that his

replacement (Renihan) and the person responsible for hiring him (Thompson) both reported to Devlin and therefore Thompson and Renihan maintained a reporting relationship to Devlin.  *Id.*  Plaintiff furthers that Rudolph's alleged wrongful termination in April 2017, Devlin and Thompson's promotions in July 2017, and Renihan's hiring in September 2017, are temporally connected and coordinated through Devlin.

II.

Defendant's motion to exclude evidence of the age of Plaintiff's replacement is denied. (ECF No. 102). Rudolph has the burden of proving that his replacement was sufficiently younger to permit a reasonable inference of age discrimination." Third Circuit Model Jury Instructions 8.0.  Rudolph's proof of a temporally connected and coordinated plan to discriminate against age is a jury question. *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 792-93 (3d Cir. 1985).

**ORDER**

For the reasons set forth above, and for good cause having been shown;

**IT IS**, on this 31st day of  August, 2023:

**ORDERED** that Defendant's motion in limine (ECF No. 102) is denied.


s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.