UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>ABBOTT LABORATORIES, INC,<br><br>　　　　　　*Defendants*. | Civil Action No.:<br>3:18-cv-6071-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on the Defendant's motion in limine seeking to exclude evidence regarding Abbott's position statement to the Equal Employment Opportunity Commission ("EEOC") (ECF Nos. 105).

I.

　　　On June 29, 2017, shortly after his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 524-2017-00937) alleging unlawful age discrimination in connection with his termination, in violation of the Age Discrimination in Employment Act ("ADEA") and New Jersey Law Against Discrimination ("NJLAD"). Abbott responded in October 2017 by submitting to EEOC a Statement, and a legal brief prior to any discovery being discovered (ECF No. 105-1).  In its EEOC Statement, Defendant submitted that Jeffrey Devlin, along with two human resource employees (Amy Frost and Lisa Siko), made the decision to terminate Plaintiff for

"failure to improve despite counseling." (ECF No. 113-1 p. 4).

Plaintiff asserts that the EEOC Statement contradicts other reasons given by Defendant for Rudoph's termination such as "failing to meet performance objectives" and "failing to effectively manage his sales team." (ECF No. 113-1 p.4). Further, Plaintiff argues that Devlin, Frost and Siko have all denied responsibility for the termination, and point fingers at one another for whom to blame. As such, the EEOC Statement is probative of Defendant's previously inconsistent statements regarding who is responsible for the termination decision. (ECF No. 113-1 p. 5). At oral argument Plaintiff's counsel stipulated that the EEOC Statement will only be used for impeachment purposes.

Defendant anticipates that Rudolph will seek to admit Defendant's EEOC statement into evidence at the time of trial, and argues that it's EEOC Statement is inadmissible (1) because it is not evidence; (2) it is cumulative in that it is duplicative of firsthand and contemporaneous evidence admissible at trial; and (3) it is prejudicial and would cause undue delay.

## II.

Due to Plaintiff's concession that the EEOC Statement is to be used for impeachment purposes only, Defendant's motion is moot.

## ORDER

For the reasons set forth above, and for good cause having been shown;

**IT IS**, on this 31st day of August 2023:

**ORDERED** that Defendant's motion in limine (ECF No. 105) is denied as moot because Plaintiff acknowledges that the EEOC statement is being used for impeachment purposes only.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.