UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH, <br><br> *Plaintiff*, <br><br> v. <br><br> ABBOTT LABORATORIES, INC, <br><br> *Defendants*. | Civil Action No.: <br> 3:18-cv-6071-PGS-TJB <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's motion in limine to exclude evidence from Plaintiff regarding special treatment of Francisco Merrill by Devlin. (ECF No. 103).

I.

In 2015, Gary Hamil (DOB: 1961) (East Region Sales Manager), Earle ("Andy") Bielitz (DOB: 1960) (West Region Sales Manager), and Ron Gonzales (DOB: 1964) (Central Region Sales Manager) reported to Randolph. Hamil was terminated by Devlin in January 2016 for performance reasons and replaced by Francisco ("Cisco") Merrill (DOB: 1977). (ECF No. 1at ¶51)

In 2016, Gonzales (Central Region) generated nearly $3 million more in sales revenue than Merrill's East Region. Because Merrill's sales plan had a sales goal that was less than Gonzales' goal, Gonzales finished the 2016 year behind Merrill by 1.26% on the sales to plan ranking. Defendant anticipates that Rudolph will offer evidence that Merrill was treated more favorably by Rudolph's manager

at the time, Jeffrey Devlin.  More specifically, in 2015 Bielitz (56) and Gonzales (52) were placed on performance improvement plans ("PIPs"), while Merrill (39) was not.  Defendant alleges that such evidence is irrelevant because Plaintiff and Merrill had different positions and roles were evaluated under different metrics, and reported to different supervisors.  That is, Rudolph reported to Devlin, while Merrill reported to Rudolph.

Conversely, Plaintiff argues that this evidence is relevant to demonstrate pretext.  Merrill (age 39) performed less successfully than Gonzales and Bielitz and  avoided PIP, yet Bielitz (56) and Gonzales (52) were subject to a PIP. This evidence shows performance was a pretext to their dismissal while age was Devlin's driving motivation.  Further, Plaintiff denies Abbott's contention about different direct supervisors. Randolph contends Devlin ordered Rudolph to place Bielitz and Gonzales on PIP, but not Merrill, and that all of the PIP actions originated from one person – Devlin; and his motivation was age.

Plaintiff has the burden of production to show that Defendant's alleged legitimate rationale for the adverse employment action is pretext. *Smith v. City of Allentown,* 589 F.3d  684 (3d Cir. 2009). The Third Circuit affirmed the admissibility of "other acts" evidence when it is offered to show propensity under Fed. R. Evid. 404(b):

> Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext. See, e.g., *McDonnell Douglas Corp.*, 411 U.S. at 804, 93 S.Ct. 1817 (stating that evidence that employees

>of another race were treated differently from the plaintiff under comparable circumstances is "[e]specially relevant" to whether employer's proffered explanation is pretextual); *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 194 n. 8 (3d Cir.2000) (citing cases holding that, "as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination").
>
>…
>
>Thus, other acts are admissible under Rule 404(b) in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent. E.g., *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776–77 (10th Cir.1999); *Heyne v. Caruso*, 69 F.3d 1475, 1479–80 (9th Cir.1995).

*Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 521 (3d Cir. 2003).

Since Devlin allegedly instructed Rudolph to place Bielitz and Gonzales on a PIP, but said nothing about Merrill, a jury may find that Devlin favored a younger employee over older managers who performed more successfully. This evidence is relevant to the inquiry here. See Fed. R. Evid. 401 cf. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 647; *accord Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 649–50 (3d Cir. 2015); *Blanding v. Pa. State Police*, 12 F.3d 1303, 1309–10 (3d Cir. 1993).

## ORDER

For the reasons set forth above, and for good cause having been shown;

**IT IS**, on this 31ST day of August, 2023:

**ORDERED** that Defendant's motion in limine (ECF No. 103) is denied.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.