UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD RUDOLPH,<br><br>*Plaintiff,*<br><br>v.<br><br>ABBOTT LABORATORIES, INC,<br><br>*Defendants.* | Civil Action No.:<br>3:18-cv-6071-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's motion in limine seeking relief on three damages issues. (ECF Nos. 104). Abbott moves to: (1) limit the jury's role with respect to front pay and back pay to an advisory verdict; (2) exclude evidence regarding back pay after Plaintiff ceased looking for work in June 2017, or in the alternative, when he voluntarily quit alternative employment without cause in February 2022; and (3) limit front pay to a two year period.

The Court held oral argument on the parties' motions on June 1, 2023.

I.

In part (1) of the motion, Defendant seeks that the role of the jury be limited to an advisory verdict on an award for front and back pay because they are equitable remedies. With regard to back pay, the motion is denied because it is well-settled law that "back pay is an equitable remedy under some statutes (such as Title VII), back pay is a damages remedy under the ADEA, and therefore the

parties have a right to a jury trial on questions of back pay." Third Circuit Pattern Civil Jury Instruction 8.4.2, cmt. (citing *Lorillard v. Pons*, 434 U.S. 575, 584 (1978)). With regard to back pay, the motion is denied.

Also, part (1) of the motion is denied on front pay because "once the court finds that reinstatement is not feasible, it is for the jury to determine the amount of "damages" available as front pay." Third Circuit Pattern Civil Jury Instruction 8.4.4, cmt.(citing *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 795-96 (3d Cir. 1985). Since the parties concede that reinstatement is not feasible, then front pay is a jury question as a measure of damages. Model Jury Charge 8.4.4. The motion on front pay is denied also.

II.

On part (2) of the motion, Defendant seeks to limit back pay to a period from date of termination to June 26, 2017, when Rudolph was hired as a salesman by Hanania Auto. Defendant argues that Rudolph testified at his deposition that "when [he] was employed, [he] suspended his job search." (Dep. T. 304:25-305:4). As noted above, Rudolph's first post-termination employment began in June 2017, when he was hired as a salesman by Hanania Auto. (ECF No. 104-1 p. 13). Plaintiff was employed at Hanania until September 2017. (ECF No. 112 p. 7). Next, he was employed by Jet HomeLoans until August 2018. *Id.* It is unclear when Plaintiff started at Jet HomeLoans, and whether there was a lapse of time in which Plaintiff was unemployed between the two jobs.

Thereafter, Rudolph secured two medical marketing jobs after his

termination. He was hired by BioPorto in August 2018 to manage sales for the southeastern United States (Rudolph voluntarily resigned this job on February 14, 2022) and was hired by Visby Medical as Director of Strategic Partnerships. Ex. 1 at 307:5-8; Ex. 2 at 55:4-9.

The amount of back pay is a determination for the jury. The Model Jury Charge instructs the jury to "reduce any award by the amount of the expenses that [plaintiff] would have incurred in making those earnings". In another section of the instruction, it states:

> If you award back pay, you are instructed to ***deduct from the back pay figure whatever wages [plaintiff] has obtained from other employment during this period***. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay
>
> [You are further instructed that ***[plaintiff] has a duty to mitigate [his/her] damages--that is [plaintiff] is required to make reasonable efforts under the circumstances to reduce [his/her] damages. It is [defendant's] burden to prove that [plaintiff] has failed to mitigate***. So if [defendant] persuades you, by a preponderance of the evidence, that [plaintiff] failed to obtain substantially equivalent job opportunities that were reasonably available to [him/ her], you must reduce the award of damages by the amount of the wages that [plaintiff] reasonably would have earned if [he/she] had obtained those opportunities.]

Third Circuit Pattern Civil Jury Instruction 8.4.2 (emphasis added).

The function in determining the amount of back pay is delegated to the jury, and its role is clearly explained in the Model Jury Charge. There is no reason that I should interfere with the Jury's functions. The motion to limit back pay to a certain date is denied.

III.

In part (3) of the motion, Abbott moves to limit front pay to a period of two years. Model Jury Charge 8.4.4. allows the jury to determine front pay to "a reasonable period of time in the future."

The Third Circuit has allowed "the District Court to exercise discretion in selecting a cut-off date for front pay subject to the limitation that front pay only be awarded for a reasonable future period required for the employment discrimination victim to reestablish her rightful place in the job market." *Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 87 (3d Cir. 2009). The Third Circuit advised that:

> there will often be uncertainty concerning how long the front-pay period should be, and the evidence adduced at trial will rarely point to a single, certain number of weeks, months, or years. More likely, the evidence will support a range of reasonable front-pay periods. Within this range, the district court should decide which award is most appropriate to make the claimant whole. *Id.* at 87-88 (citing See, e.g., *Whittington v. Nordam Group Inc.*, 429 F.3d 986, 1000–01 (10th Cir.2005); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1182 (2d Cir.1996)

Plaintiff seeks six years of front pay, whereas Defendant argues it should be limited to two years because any longer period is speculative.

Since reinstatement is not a possible remedy in this case, the jury may consider front pay based on "the expected future damages caused by Defendant's wrongful conduct from the date of judgment to retirement." *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 373-74 (3d Cir. 1987). Further, "[a] plaintiff, of course, has a duty to mitigate damages, and his new salary will be deducted from

the old to avoid a windfall award." *Id.* Notably, Plaintiff is seeking an award consistent with Plaintiff's retirement age and is currently employed in medical sales by Visby Medical. To determine an appropriate time period of front pay, the jury must weigh "the expected future damages caused by Defendant's conduct." As such, the reasonable time period for front pay is a jury issue, but the Court reserves on same until it hears testimony at trial.

## ORDER

For the reasons set forth above, and for good cause having been shown;

IT IS, on this 2nd day of October, 2023:

ORDERED that part (1) of the motion (ECF No. 104) to limit the jury's role to an advisory verdict in the award of damages is denied; and it is further

ORDERED that part (2) of the motion (ECF No. 104) seeking to limit back pay to the period between termination and June 26, 2017, or an alternative date is denied; and it is further

ORDERED that on part (3) of the motion (ECF No. 104) seeking to limit front pay to a period two years is denied, but the Court reserves on the period of front pay until it hears the testimony at trial.

PETER G. SHERIDAN, U.S.D.J.